TRAVERS v. AMERICAN CORDAGE CO.

(Circuit Court, S. D. New York. April 24, 1894.)

PATENT—PLATE FOR SECURING ROPES—LACK OF INVENTION.

Patent to Taylor (No. 322,501) for an elongated metal plate, provided with three eyes in line, and two projections corrugated on their inner faces, for securing a rope firmly in place, involves no new principle, result, or function, and is not entitled to protection, since both the plate and the projections are old. Sargent v. Covert, 14 Sup. Ct. 676, 67 O. G. 403.

This was an action by Vincent P. Travers against the American Cordage Company for alleged infringement of certain letters patent, and is now before the court on final hearing.

Arthur v. Briesen, for complainant.
Frederic H. Betts and Samuel R. Betts, for defendant.

COXE, District Judge. This is an equity action for infringement of letters patent No. 322,501, granted July 21, 1885, to Theodore Taylor, for improvements in rope fasteners. The patent relates to that class of fasteners in which the rope is held by friction in jaws of suitable formation. The fastener is adapted to be used where it is desired to secure a rope firmly in place without knotting. It is an elongated metal plate having three eyes placed in a line. Between the middle eye and one of the end eyes there are two projections having corrugations on their inner faces, these form, what the patent calls, "jaws." These jaws hold the bight of rope between them and, in connection with the eyes adjacent thereto, through which the rope is passed, prevent it from

slipping. The claims, three in number, are designed to protect the fastener and all its features. The defenses are lack of novelty and invention, noninfringement and failure to mark the fasteners "Patented" pursuant to section 4900 of the Revised Statutes. It appears that plates precisely like the patented plate, minus the holding jaws, had long been used as rope fasteners. Holding jaws for ropes were also old. Did it involve invention to place the old holding jaws upon the old plate? No new principle is invoked, no new result is accomplished, no new function is performed by this simple device for obtaining more friction. A mechanic finding that a rope held by the Sier or Sawyer fastener slipped under certain conditions would know that greater frictional surface was needed. The complainant's expert suggests one thing that he might have done, but the thing which Taylor did do seems the more natural and obvious. Augmenting and decreasing friction according as the motion of the device in hand is to be retarded or accelerated is one of the oldest principles of mechanics. Taylor invented no new remedy, he simply gave a little larger dose of a very old remedy. It is thought that the defendant's expert is correct in saying:

"In other words, in laying the Newell jaws onto the back of the Sier rope fastener, Taylor not only did not secure any different result or any new mode of operation, but did not even produce a new combination of parts, for this same combination was both suggested by, and substantially embodied in, the Whiteman bale tie, the Johnson clothesline fastener and the Sherman fire escape."

In the recent case of Sargent v. Covert, 152 U. S. 516, 14 Sup. Ct. 676, the supreme court say of a device which, like the device of the patent, was a clasp or rope fastener:

"Each of these screws compresses the rope within the socket, but the Covert screw, being sharpened, penetrates further than the other. The change is in degree and not in function. * * * We are of the opinion upon this record that the alleged improvement was such a one as would have occurred to any one practically interested in the subject, and that it did not involve such an exercise of the inventive faculty as entitled it to protection."

It is thought that this language is equally applicable to the patent in suit. The bill is dismissed.